**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILMARAH QUEZADA-GERALDO,<br><br>Plaintiff,<br><br>v.<br><br>ADUSA DISTRIBUTION, LLC and ADUSA TRANSPORTATION, LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 1:26-CV-00852<br><br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## ORDER

Before the court is Plaintiff Wilmarah Quezada-Geraldo's ("Quezada-Geraldo") motion for reimbursement of costs and reasonable attorney's fees. (Doc. 8.) Quezada-Geraldo claims Defendants ADUSA Distribution, LLC and ADUSA Transportation, LLC (collectively, "Defendants") failed to return her waiver of service of summons request without good cause, so under Federal Rule of Civil Procedure 4(d), they must reimburse her for both the costs incurred in completing formal service and the reasonable expenses, including attorney's fees, of preparing and filing the instant motion. (Doc. 9, pp. 3–6.)[1] Defendants argue Quezada-Geraldo's waiver request did not comply with Rule 4(d) and that she failed to use the least expensive means for service under Pennsylvania law, so the court should

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

deny her motion. (Doc. 16, pp. 2–6.) For the reasons that follow, the court will deny Quezada-Geraldo's motion.[2]

## BACKGROUND

Quezada-Geraldo is a former employee of Defendant ADUSA Distribution, LLC. (*Id.* at 1.) On April 2, 2026, Quezada-Geraldo filed a complaint alleging that Defendants violated the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA") during her employment. (*Id.*) On April 7, 2026, Quezada-Geraldo sent Defendants, via U.S. Mail, the complaint, a summons, and requests for waivers of service. (Doc. 9-1, p. 2.)

Pursuant to Federal Rule of Civil Procedure 4(d)(1)(F), a plaintiff's waiver of service request must provide the defendant a reasonable period of time—at least 30 days after the request is sent—to return the waiver of service. Fed. R. Civ. P. 4(d)(1)(F). If the defendant fails to sign and return the waiver of service, the plaintiff may arrange to have the summons and complaint served on the defendant. *Id.* So, when Defendants failed to return the signed waiver within 30 days, Quezada-Geraldo personally served them on May 12, 2026. (Doc. 9-2, pp. 2–7.)

On May 21, 2026, Defendants' counsel notified Quezada-Geraldo's counsel that they had been retained in the matter and would be willing to accept and waive

[2] The court dismissed this case on October 30, 2026, after the assigned mediator notified it that the parties had settled. (Doc. 31.)

service. (Doc. 9-3, p. 2.) In response, Quezada-Geraldo's counsel informed Defendants' counsel that formal service had already been made upon Defendants on May 12, 2026. (*Id.*)

On May 26, 2026, Quezada-Geraldo filed a motion for costs of formal service and reasonable attorney's fees in the amount of $580.00. (Doc. 8, p. 1.) Quezada-Geraldo asserts that she spent $180.00 to formally serve the Defendants and accrued $400.00 in attorney's fees for preparing and filing the instant motion. (Doc. 9, p. 5.) On the same day, Quezada-Geraldo also filed an accompanying memorandum in support of her motion. (*Id.* at 1.) On May 28, 2026, Defendants filed a memorandum in opposition to Quezada-Geraldo's motion for costs and attorney's fees. (Doc. 16, p. 1.) Four days later, Quezada-Geraldo filed a reply brief. (Doc. 18, p. 1.) Therefore, Quezada-Geraldo's motion is ripe for review.

## Standard of Review

Federal Rule of Civil Procedure 4(d)(1) permits a plaintiff to request that a defendant waive formal service of process. Under that rule, an "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). For a defendant "subject to service under Rule 4(h)," the notice and waiver request must be in

writing and addressed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Corporations, partnerships, and associations are subject to service under Rule 4(h). Fed. R. Civ. P. 4(h).

With regard to the reimbursements of costs and expenses from a defendant, Rule 4(d)(2) states:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

With these principles in mind, the court turns to the parties' arguments.

## Discussion

Quezada-Geraldo recognizes that her waiver request was technically deficient under Federal Rule of Civil Procedure 4(d). (Doc. 18, p. 2.) Specifically, she addressed the waiver requests generally to Defendants' corporate headquarters in Salisbury, North Carolina, without directing the waiver requests to a specific officer, a managing or general agent, or any other agent authorized to receive service of process as Rule 4(d)(1) demands. (*Id.* at 3.)

Defendants assert that Quezada-Geraldo's waiver request failed to comply with the technical requirements of Rule 4(d) and that she failed to use the least expensive means of service, so her motion should be denied, and Defendants

should not be required to bear the cost of service. (Doc. 16, pp. 2–7.) Quezada-Geraldo asserts that Defendants must have "good cause" for failing to waive service pursuant to the language of Rule 4(d)(2), and that her deficient waiver request alone, without Defendants claiming any resulting prejudice, does not amount to the level of good cause that would excuse Defendants from both waiving service and bearing any resulting costs. (Doc. 18, p. 2.)

When a plaintiff sends a deficient waiver request to a defendant, courts are split as to whether that plaintiff may then seek reimbursement from the defendant for the costs of formal service and attorney's fees under Rule 4(d). Some courts adopt the approach that a plaintiff must strictly comply with Rule 4(d)(1) in order to recover costs of service and reasonable expenses from the defendant under Rule 4(d)(2). For example, in *Leung v. SHK Management, Inc.*, the court denied the plaintiff's motion to recover the costs incurred in serving the defendant, explaining that the plaintiff "failed to demonstrate that the notice and request to waive service was addressed" to officer or agent authorized to accept service pursuant to Rule 4(d), and "no costs will be imposed on the defendant if the plaintiff's request to waive service is defective." No. 98-3337, 1999 U.S. Dist. LEXIS 16383, at *4–7 (E.D. Pa. Oct. 20, 1999); *see also Deeck v. Singer,* No. 5:24-cv-1929, 2024 U.S. Dist. LEXIS 148387, at *11–14 (E.D. Pa. Aug. 20, 2024) (finding that the plaintiff's request for costs should be denied where the plaintiff failed to send

waiver requests to an officer or agent authorized to accept service pursuant to Rule 4(d), explaining that plaintiff "bear[s] the burden of showing compliance with Rule 4 in order to request costs," and noting that plaintiffs non-compliance with Rule 4(d) was "not merely a technical violation").

In contrast, other courts adopt the approach that a plaintiff need only show "substantial compliance" with the requirements of Rule 4(d) to be reimbursed costs and expenses from a defendant, so long as the plaintiff's error did not prejudice the defendant. For example, in *Gonzalez-Marcano v.US Airways Group, Inc.*, the court rejected defendant's argument that "[p]laintiff's failure to address the waiver request to an officer or agent ... coupled with [p]laintiff's omission of one copy of the waiver form gave it good cause to refuse to waive service." No. 13-3714, 2014 U.S. Dist. LEXIS 13791, at *24 (E.D. Pa. Jan. 31, 2014). The court ultimately denied plaintiff's motion for attorney's fees and costs on separate grounds not at issue in this case. *Id.* at *25–26. In rejecting defendant's argument, the court explained that despite the plaintiff's two deficiencies, the defendant failed to "claim[] it was in any way prejudiced by [p]laintiff's errors" and that instead, the court found it "evident that [d]efendant did receive the waiver of service, but still refused to waive service." *Id.* at *24–25; *see also Brinks Global Servs. USA, Inc. v. Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 368–371 (S.D.N.Y. 2023) (holding that the plaintiff's motion for costs of formal service and attorney's fees should be

granted despite the plaintiff's failure to properly address the waiver requests to an officer or authorized agent because defendants made "no showing that they were prejudiced by the manner in which the Notices were addressed.")

The court adopts the approach that a plaintiff is not entitled to recover costs and expenses of service from a defendant who fails to waive service under Federal Rule of Civil Procedure 4(d)(2) unless the plaintiff complies with the specific requirements of Rule 4(d)(1). Stated differently, "[t]he procedural requirements of Rule 4(d)(1) are a 'condition precedent to a demand for costs for refusal to waive service.'" *Davies v. Scott*, No. 6:15-cv-21, 2015 U.S. Dist. LEXIS 190096, at *4 (M.D. Fla. 2015) (quoting *Spivey v. Bd. of Church Extension*, 160 F.R.D. 660, 663 (M.D. Fla. 1995); *Spivey*, 160 F.R.D. at 663 (same); *Yeh v. Mayorkas*, No. 4:24-cv-00797, 2025 U.S. Dist. LEXIS 56690 at *4 (N.D. Cal. 2025) (same). If a plaintiff requests reimbursement of service fees and attorney's fees from a defendant due to the defendant's failure to waive service, the plaintiff's waiver request may not be deficient in any respect in light of the specific requirements Rule 4(d) provides for the plaintiff to follow when sending a waiver request. *See* 1 Moore's Federal Practice § 4.13[1][a] (3d ed. 2026) (explaining that a defendant must pay any costs that plaintiff incurred due to defendant's failure to waiver service, but "the plaintiff . . . must offer evidence that defendant was properly served with a request for

waiver, that the waiver of formal service was rejected, and that, subsequently, plaintiff formally served the defendant and incurred costs in effecting service”).

Quezada-Geraldo failed to comply with the requirements of Rule 4(d)(1) when she addressed the waiver requests to Defendants’ corporate headquarters, generally, rather than to an officer or agent authorized to accept service.[3] Accordingly, Quezada-Geraldo is not entitled to reimbursement of costs and attorney’s fees from Defendants.[4]

## CONCLUSION

Thus, **IT IS ORDERED THAT** Quezada-Geraldo motion for costs and attorney’s fees is **DENIED**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 23, 2026

[3] Because the court will deny Quezada-Geraldo’s motion on this ground, the court does not reach Defendants’ argument related to Quezada-Geraldo’s alleged failure to serve Defendants using the least expensive method. (Doc. 16, p. 6.)

[4] Even if the court chose to adopt the approach that a plaintiff may recover costs so long as the waiver request substantially complies with Rule 4(d) and did not prejudice the defendant, Quezada-Geraldo would still not be entitled to recover costs and expenses from Defendants, as it is not clear that Defendants were not prejudiced by Quezada-Geraldo’s deficient waiver. (*See* Doc. 16, p. 6.)